UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| MARGIE J. WINN, | : | |
| | : | CASE NO. 5:11-CV-2798 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. Nos. 1, 15, 16, 19] |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge James R. Knepp, II recommends this Court affirm the Social Security Commissioner's denial of supplemental security income (SSI) and disability insurance benefits (DIB) to Plaintiff Margie Winn.[1] Because the Administrative Law Judge's (ALJ) conclusion that Winn could perform substantial gainful activity is supported by substantial evidence, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

**I. Background**

On August 13, 2009, Plaintiff Winn filed applications for SSI and DIB alleging that she had been disabled since May 1, 2009.[2] Winn says she is disabled because she experiences: (1) lower back and left leg pain and (2) migraine headaches.[3] On February 9, 2011, she appeared and testified at a hearing before ALJ Barbara Sheehe.[4] An impartial vocational expert also attended.[5]

---

[1] Doc. 18.
[2] Doc. 12 at 158-161.
[3] Doc. 18 at 1.
[4] Doc. 12 at 28.
[5] *Id.*

-1-

Case No. 5:11-CV-2798
Gwin, J.

At her hearing, Winn testified that she completed high school and one year of college.[6] Her most recent job was working as a teller at Buckeye Credit Union in 2006.[7] But, she had also worked as a tax specialist and bill collector.[8] Winn testified that she quit her teller job because she experienced pain so severe that it prevented her from functioning in her home.[9] On an earlier occasssion, however, Winn had said that she quit working to care for her newborn baby.[10]

Winn also testified that she could not perform her past jobs because she could not stand for twenty minutes without experiencing excruciating pain.[11] She described the pain as shooting down her left leg, causing her numbness and tingling.[12] She also reported difficulty performing tasks in her home, including grocery shopping, washing clothes, and caring for her children.[13] Often she says, her mother and oldest daughter must help her complete these tasks.[14] Instead, she says that she spends most of her day reclining on her back to ease her pain.[15] But, Winn says, shifting her position and medication have partially alleviated her pain.[16] Despite her, Winn says she is taking online classes in accounting and maintains a 3.7 GPA.[17]

On February 18, 2011, the ALJ issued her decision.[18] She found that Plaintiff had the

---

[6] *Id.* at 49.
[7] *Id.* at 38.
[8] *Id.* at 60.
[9] *Id.* ("The pain was getting to the point where I just couldn't function at home, so I decided that I was going to go to the doctors and find out what exactly was going on.").
[10] *Id.* at 179 ("Because of other reasons (not my condition) I stopped working to take care of my baby that I had just had.").
[11] *Id.* at 35.
[12] *Id.* at 35, 375.
[13] *Id.* at 38.
[14] *Id.* at 41.
[15] *Id.*
[16] *Id.* at 186, 214.
[17] *Id.* at 51.
[18] *Id.* at 11.

Case No. 5:11-CV-2798
Gwin, J.

following severe impairments: degenerative disc disease, grade II spondylolisthesis, obesity, bilateral pes planus, migraine headaches, protein S deficiency, hypercoaguable state, and factor v leiden.[19]

The ALJ also concluded that Winn had the residual functional capacity to perform sedentary work, with certain limitations, including that Winn "must be permitted to have a sit stand option as needed for comfort."[20] Notably, the ALJ found that Winn's statements "concerning the intensity, persistence and limiting effects" of her symptoms were "not credible" to the extent they were inconsistent with her residual functional capacity assessment.[21]

Finally, the ALJ concluded that Winn was capable of performing her past relevant work.[22] First, the ALJ relied in part on the vocational expert's testimony that Winn's limitations did not prevent her from performing her past relevant work as a collector or cashier.[23] Second, after comparing Winn's residual functional capacity to the physical and mental demands of the collector and cashier positions, the ALJ concluded that Winn's impairments did not prevent her from performing those jobs.[24] Consequently, the ALJ found that Winn was not disabled.[25]

Winn appealed the ALJ's decision to the Appeals Council of the Social Security Administration.[26] On November 1, 2011, the Appeals Council denied her request for review.[27] Winn thereafter sought review in this Court.[28] On January 7, 2013, Magistrate Judge Knepp issued

---

[19] *Id.* at 16. Turning to her impairments, the ALJ concluded that Winn did not have "an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.*
[20] *Id.* at 17.
[21] *Id.* at 18.
[22] *Id.* at 22.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.* at 154.
[27] *Id.* at 9.
[28] Doc. 1.

Case No. 5:11-CV-2798
Gwin, J.

his Report and Recommendation that the Commissioner's decision be affirmed.[29] Winn objected to the Report and Recommendation,[30] and the Commissioner failed to respond. The case is now ripe for adjudication.

## II. Legal Standards

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in substantial gainful activity due to the existence of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[31] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled. The claimant's impairment must prevent her from doing her previous work, as well as any other work existing in significant numbers in the national economy.[32]

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation.[33] A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court determines only whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards."[34]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion."[35] The substantial evidence standard requires more than a scintilla, but less than a

---

[29] Doc. 18.
[30] Doc. 19.
[31] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).
[32] *See id.*
[33] 28 U.S.C. § 636(b)(1).
[34] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[35] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

-4-

Case No. 5:11-CV-2798
Gwin, J.

preponderance of the evidence.[36] In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[37] The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.[38] When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made.[39]

### III. Analysis

Winn raises only one objection to Magistrate Judge Knepp Report and Recommendation.[40] Specifically, she says that the ALJ's conclusion that Winn could perform substantial gainful activity is not supported by substantial evidence.[41] The Court disagrees.

"In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments."[42] Hypothetical questions, however, need only incorporate those limitations which the ALJ has accepted as credible.[43]

The Court finds that there is substantial evidence in the record showing that the ALJ's hypothetical question and the vocational expert's answer reflected Winn's impairments. Here, the ALJ asked a hypothetical question about an individual who could perform sedentary work with the

---

[36] *See id.*
[37] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[38] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[39] *Siterlet v. Sec. of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).
[40] Doc. 19 at 1.
[41] *Id.* at 3.
[42] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010).
[43] *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993).

Case No. 5:11-CV-2798
Gwin, J.

limitations that "she can never climb ladders, ropes and scaffolds; can only occasionally kneel, crouch, crawl and climb ramps and stairs; cannot be exposed to workplace hazards such as unprotected heights or dangerous machinery; and must be permitted to have a sit stand option as needed for comfort." The vocational expert responded that a worker with those limitations would be able to perform positions as a collector or cashier.[44] The ALJ ultimately concluded that Winn's limitations matched those in the ALJ's hypothetical question.[45]

Winn says that ALJ's decision is not supported by substantial evidence because the ALJ relied on the vocational expert's testimony, and the vocational expert did not consider Winn's limitations.[46] Specifically Winn says the vocational expert disregarded Winn's need to change positions "at her own option," thus causing her to be off task for ten percent of her work day.[47] Thus, because the vocational expert testified that there were no jobs for a hypothetical worker who must be off task for ten percent of her work day, Winn says she cannot perform substantial gainful activity.[48]

But, Winn assumes that the ALJ's conclusion that she needs "a sit stand option" necessarily means she will be off task for ten percent of her work day. To support this conclusion, Winn relies on her own testimony about the severity of her symptoms.[49] The ALJ, however, found that Winn's statements "concerning the intensity, persistence and limiting effects" of her symptoms were "not credible."[50] The ALJ's finding that Winn would have to change positions for comfort, once in a

---

[44] Doc. 12 at 63.
[45] *Id.* at 17.
[46] Doc. 19 at 3.
[47] *Id.* at 2.
[48] *Id.*
[49] Doc. 15 at 13.
[50] Doc. 12 at 18.

-6-

Case No. 5:11-CV-2798
Gwin, J.

while, is not the same as a finding that Winn would necessarily be off task for ten percent of her workday.  Moreover, the Court will not second-guess the ALJ's credibility determination.  Thus, the Court finds that there is substantial evidence in the record for the ALJ's conclusion that Winn could perform substantial gainful activity.

### IV.  Conclusion

For the reasons above, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED.


Dated: March 14, 2013                                    s/        *James S. Gwin*
                                                                              JAMES S. GWIN
                                                                              UNITED STATES DISTRICT JUDGE